**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHARLES J. BECKER,**

        **Plaintiff,**

**-vs-**                                            **Case No.   6:06-cv-22-Orl-28JGG**

**SOUTHERN SOILS, TURF**
**MANAGEMENT, INC., KEVIN J.**
**LAVIGNE,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR CERTIFICATION OF COLLECTIVE ACTION (Doc. No. 32)** |
| **FILED:** | **August 25, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

**I.    PROCEDURAL HISTORY**

On January 9, 2006, Charles J. Becker filed a "collective action" complaint on behalf of himself and "others similarly situated." The complaint alleges that Defendants Southern Soils, Turf Management Inc. ["Southern Soils"] and Kevin J. Lavigne failed to pay him overtime wages in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"). Docket No. 1 at 1.  Becker filed an amended complaint on January 12, 2006. Docket No. 5. On March 13,

2006, Defendants filed their answer and affirmative defenses in which Defendants deny that there "are other plaintiffs before the court."  Docket No. 11 at 1, ¶ 1.

On March 22, 2006, Brian Charles and Jason Cochran filed documents entitled "Consent to Join Pursuant to 29 U.S.C. § 216(B)."  Docket Nos. 13, 14.  The Consent forms submitted by Charles and Cochran state that they "consent, agree and opt-in to become a party plaintiff herein and to be bound by the settlement of this action or adjudication of the Court." *Id*.  Becker has not moved to amend  the complaint to add Charles or Cochran as parties.  Although the deadline to amend the complaint or to add parties expired on August 25, 2006, the Court will allow a late motion to amend the Amended Complaint to add Charles and Cochran as plaintiffs.  Docket 31.

On August 25, 2006, Plaintiffs[1] filed the motion to certify the collective action now before the Court. Docket No. 32.  Plaintiffs ask that the Court: 1.) grant conditional certification as a collective (not class) action, and 2.) require Defendants to produce within thirty days the names and addresses of all "managers employed by the Defendant [sic] for the period beginning three years prior to the initiation of this suit to the present;" and 3.) authorize Plaintiffs to send notice to the potential plaintiffs to inform them of their right to join this case. *Id.* at 4.  On September 5, 2006, Defendants filed their memorandum in opposition arguing that Plaintiffs have not met their burden to show that the potential plaintiffs are "similarly situated" employees.  Docket No. 33.

---

[1] The motion is nominally brought by Becker, Charles and Cochran as "Plaintiffs."  Docket No. 32 at 1.   For convenience, the Court adopts the moniker "Plaintiffs' to refer to these individuals.  Charles and Cochran, however, are not yet plaintiffs in the action.  The filing of a consent to join in the litigation does not operate as an automatic joinder in the action or amendment of the complaint.  Rather, the consent filed pursuant to 29 U.S.C. § 216(b) must be read in conjunction with Fed. R. Civ. P. 8.  *Harkins v. Riverboat Serv., Inc.*, 2002 WL 32406581 *2, *5 (N.D. Ill. May 17, 2002), *aff'd*, 385 F.3d 1099 (7th Cir. 2004).  *Cf., Mitchell v. McCorstin*, 728 F.2d 1422, 1423 (11th Cir. 1984) (29 U.S.C. § 216(b) does not grant an unconditional right to intervene in an action); *Canfield v. United States*, 14 Cl. Ct. 687, 690 (Cl. Ct. 1984) (29 U.S.C. § 216(b) does not eliminate normal rules regarding joinder).

**II.     THE LAW**

An FLSA action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees **similarly situated**." 29 U.S.C. § 216(b) (emphasis added). In order to maintain a collective action under § 216(b), the named plaintiff must establish that the potential plaintiffs are "similarly situated" employees. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001); *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1567 - 68 (11th Cir. 1991).

The plaintiff thus bears the burden of demonstrating that the other employees are "similarly situated." This burden is less stringent than that for joinder or for certification of a class action under Federal Rules of Civil Procedure 20(a) or 23, respectively.[2] *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). The plaintiff need only demonstrate that his or her position is "similar, not identical" to the positions held by the potential plaintiffs. *Id.* In addition to showing similarity in job requirements, the other potential plaintiffs must be similarly situated "with regard to their pay provisions." *Dybach*, 942 F.2d at 1567-68. While a plaintiff's burden is not particularly strict, "unsupported allegations that FLSA violations were widespread and that additional plaintiffs" exist

---

[2]The Eleventh Circuit has delineated several reasons why the "similarly situated" requirement under § 216(b) is considerably less stringent than the class action requirements under Federal Rule of Civil Procedure 23. *See, e.g., Cameron-Grant v. Maxim Healthcare Serv., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003). First, under § 216(b), even if a plaintiff can demonstrate that the potential plaintiffs are "similarly situated" employees, the plaintiff has no independent right to represent such individuals. 347 F.3d at 1249. The potential plaintiffs must file with the district court written consent to become a party plaintiff. 29 U.S.C. § 216(b). Thus, unlike most Rule 23 class actions, a § 216(b) action does not become a collective action unless another plaintiff affirmatively chooses to opt into the class. *See Cameron-Grant*, 347 F.3d at 1249. In a contrast, to Rule 23 class actions, "the existence of a collective action under § 216(b) does depend on the active participation of other plaintiffs." *Id.* The difference between Rule 23 class actions and § 216(b) collective actions is therefore a "fundamental, irreconcilable difference[.]" *Id.*

are insufficient to establish that similarly situated employees exist. *Haynes v. Singer, Co., Inc.,* 696 F.2d 884, 887 (11th Cir. 1983).

The United States Court of Appeals for the Eleventh Circuit has "suggest[ed]" that district courts use a "two-tiered approach to certification of § 216(b) opt-in classes." *Hipp*, 252 F.3d at 1218-19 (11th Cir. 2001). Under this approach, the first tier is the "notice stage," in which the district court determines whether to grant "conditional certification" of a collective action under the FLSA. *Id.* at 1218. The Eleventh Circuit noted:

> At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential [plaintiffs]. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class.

*Hipp*, 252 F.3d at 1218. When the district court grants conditional certification, potential plaintiffs receive notice and the opportunity to "opt-in." Under the Eleventh Circuit's recommended approach, the case thus proceeds as a collective action through the close of discovery. *Id.* After the completion of discovery, the defendant may initiate the "second tier" by filing a motion for "decertification." *Id.* At this second stage, the district court makes a factual determination as to whether the claimants are "similarly situated." *Id.* If the claimants are not similarly situated, the district court "decertifies" the group; the opt-in plaintiffs are then dismissed without prejudice; and the original "representative" plaintiff continues to trial (or otherwise) on his or her original claim. *Id.*

According to the Eleventh Circuit, the two-tiered approach is an "effective tool for district courts to use in managing these often complex cases, and we suggest that district courts in this circuit adopt it in future cases." *Id.* at 1219. The Eleventh Circuit notes, however, that "[n]othing in [the

Eleventh Circuit] precedent . . . requires district courts to utilize this approach." *Id.* Indeed, the decision to create an opt-in collective action under § 216(b) remains "soundly within the discretion of the district court." *Id.*

### III. APPLICATION

Eleven months into this case, no reason yet appears why the Court should permit the three known plaintiffs to pursue their FLSA claims as a collective action. Plaintiffs seek conditional certification of an unidentified group of potential plaintiffs under § 216(b). Docket No. 32 at 2. Plaintiffs themselves worked as "tractor drivers/operators" for Defendants, and "believe that there are other workers who are similarly situated." *Id.* at 1-2. In their memorandum in opposition, Defendants acknowledge that while Plaintiffs' evidentiary burden may be light, Plaintiffs have failed to demonstrate that there are other employees who are similarly situated in job title, scope of employment or pay provisions. *Id.* at 3-4.

Defendants are correct. Plaintiffs failed to make even a minimal showing that the potential plaintiffs are similarly situated employees. In the Amended Complaint, Plaintiffs do not state their job title or duties or the potential plaintiffs' job titles or duties. *See* Docket No. 5. They merely allege that Defendants have failed to pay "Plaintiffs" overtime wages. *See id.* at 3, ¶¶ 12, 15. In their answers to the Court's interrogatories, each of the Plaintiffs state that his job title was "Tractor Driver/Operator." Docket Nos. 23, 24, 25 at ¶ 4. Although Becker's and Charles's job duties may be considered substantially similar in that they both applied pesticides or other chemicals to grassy surfaces, Cochran performed additional duties of equipment maintenance, welding, loading trucks, and doing concrete work that makes his job dissimilar to Becker's and Charles's jobs. Further, none

of these three individuals had substantially similar pay provisions or terms of employment. Becker was hired for a three-month "season," for which he was to be paid $30,000, or $2,500 *per week*. Docket No. 25 at 3. In contrast, Cochran apparently worked year round, with a final rate of pay of $1,057.69 *per month*. Docket No. 24 at 3. Charles also apparently worked year round[3] at a rate of pay of $2,291 *per month*. Docket No. 23 at 3.

The Court also notes inconsistent statements by Plaintiffs regarding the scope of the certification and the notice to be given. In their motion, the Plaintiffs ask that notice be given to "all managers." Docket 32 at 4. In the Proposed Notice, the composition of the group is referred to both as an "installers class" and as "tractor drivers/operators." Docket 32-2 at 2.

Plaintiffs acknowledge that, at the Eleventh Circuit's suggested notice stage, they must "show that the individuals to whom notice would be sent had similar job requirements and were subject to similar pay provisions." *Id.* at 4. Nonetheless, Plaintiffs fail to satisfy these requirements. Plaintiffs' motion is therefore **DENIED** without prejudice to refile a motion for certification that establishes that the potential plaintiffs are "similarly situated" employees under § 216(b). The refiled motion should include a detailed explanation of the job duties of Plaintiffs and the potential plaintiffs, the dates of employment, as well as affidavits or other support for Plaintiffs' arguments.[4]

---

[3] The Court notes that Charles makes inconsistent statements about his period of work. At one point, he states that he worked from February 2004 to September 2005; at another point he states that he "worked for a six month session." Docket No. 23 at 3.

[4] As guidance, Plaintiff may look at the opt-in notices and procedures approved by this Court in *Su et. al. v. Electronic Arts, Inc.*, 6:05-cv-131-Orl-28JGG (although in that case, the parties jointly sought approval of the opt-in notice after reaching a settlement agreement). In the *Su* case, the named plaintiff defined the group of potential plaintiffs by geographic location, job title, and dates employed by the defendant. See *Su,* 6:05-cv-131-Orl-28JGG, Docket No. 42-1 at 1 ("all [people] employed by Defendant in the State of Florida as an Assistant Artist or an Associate Artist at any time between April 30, 2003 and October 30, 2005").

It is **FURTHER ORDERED** that Plaintiff shall have until December 5, 2006, to move to amend his complaint to add Charles and Cochran as parties.

**DONE** and **ORDERED** in Orlando, Florida on November 20, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE